JACK H. KELLER AND JACK STREETER, APPELLANTS, v. WAREHOUSE MARKETS, INC., RESPONDENT.

No. 17392

June 25, 1987                                      738 P.2d 891

*Hardesty, Moss & Michaels*, Reno, for Appellants.

*McDonald, Carano, Wilson, Bergin, Frankovich and Hicks*, Reno, for Respondent.

## OPINION

*Per Curiam:*

This is a dispute between lessors and lessee relating to the meaning of the term in the lease, "gross sales." Lessors, Keller and Streeter, claim that the term "gross sales," was intended by the parties to include income from slot machines operated on the leased premises. The lessee, Warehouse Markets, Inc., claims that the term "gross sales" was not intended to include income from slot machines. The district court granted summary judgment to Warehouse holding that the term "gross sales" cannot, as

a matter of law, include slot machine revenues. There are issues of fact bearing on the issue of the parties' understanding of the meaning of "gross sales"; therefore, the summary judgment is reversed.

The lease in question provided for a flat rental charge plus an "additional rental of 1½% of the gross sales." Prior to execution of the lease and during negotiations Warehouse offered for consideration by Keller and Streeter a lease provision which contained a phrase restricting gross sales with the language, "not including gaming revenues." The quoted language in the lease was rejected by Keller and Streeter during negotiations. Warehouse's inclusion of that phrase as a proposed lease term is certainly some indication that inclusion or exclusion of gaming revenues as an intended part of gross sales was a part of the negotiations and that Warehouse recognized that the simple term "gross sales" was not entirely clear. If it were as clear as Warehouse claims, there would have been no call for language either excluding or including gaming revenues.

Keller and Streeter, in opposition to the motion for summary judgment, claim that they can prove that the parties intended gaming revenues to be included in the computation of gross sales. Warehouse claims that gaming revenues must be excluded and that, as the trial court held, the term gross sales clearly and unequivocally excludes the possibility of gaming revenues being considered as part of gross sales. We disagree with Warehouse and hold that Keller and Streeter are entitled to present their case on the meaning of the questioned lease term, "gross sales."

Summary judgment is reversed.